EDWARD W. SIEGEL AND OSCAR L. COHEN, PARTNERS TRADING AS COMMERCIAL OVERALL CLEANING COMPANY, PROSECUTORS, v. BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, DEFENDANT.

Submitted May 6, 1948—Decided July 21, 1948.

Before CASE, CHIEF JUSTICE, and Justices BURLING and JACOBS.

For the prosecutors, *Frank Fink*.

For the defendants, *Thomas L. Parsonnet* (*Joseph A. Ward,* of counsel).

The opinion of the court was delivered by

BURLING, J.   This is a review by a writ of *certiorari* of the determination of the Board of Adjustment of the City of Newark denying the application of the prosecutor for a variance from the zoning ordinance of the City of Newark so as to permit the erection of a one story addition to and in front of a frame building at No. 411 South 18th Street, Newark. The present building was used on the first floor and intended to be so in the future for storage and the mending of overalls, incident to the conduct of a retail overall laundry service.

Prosecutors conducted what was termed in the trade as a "drop." It is a term applied to a jobber. The overalls are collected during the next early morning hours after they are collected and received by the prosecutors, by large trucks of another concern and taken to Brooklyn for cleaning. They are mended on the premises of the prosecutors by use of sewing machines. Residents who live in nearby dwellings upon South 18th Street protested vehemently against the granting of a variance. Prior to relatively recent acquisition by the prosecutors, the dwelling was used for residential purposes upon the first and second floors. Although it set back forty to forty-five feet from the curb line, it was described by a neighbor as having a "nice lawn on either side of the house." The prosecutors have filled in the space in front of the dwelling with concrete and have conducted this jobbers business to the discomposure of the residents and painted the present premises in question a bright orange color, thereby affecting the surroundings of the neighborhood. The proposed construction is to consist of a one story concrete block stucco aluminum and glass front addition to occupy the forty-five feet in front of the premises in question. The size of the lot was twenty-five by one hundred feet. The prosecutors contend that the property in question is within one hundred and fifty feet of the boundary line of a business zoned district. They bought with knowledge of the type of the zoned area. There are no restrictions running with the land. Reconstruction, improvement, enlargement of the premises by utilization of the unused portion is available to the prosecutors for use in accordance with the comprehensive plan as applied to the major part of South 18th Street. They argue that nearby business enterprises are in the South Orange Avenue business district and for a depth of one hundred feet on South 18th Street. This is not a case of a literal enforcement working a hardship but one, if the variance was granted, affects the general public interest. Not only is the nature of the use of the present building a flagrant violation of the ordinance but its use is accompanied by noise, vibration, storage of bundles of overalls on the sidewalk, traffic congestion caused by the loading and unloading of trucks of the prosecutors and

the Brooklyn concern, and disturbing the quiet enjoyment of the residents. The prosecutors allege that the proposed construction will benefit the neighborhood and reduce the scope of the nuisances. This is founded upon a false premise as such nuisances would be non-existing if prosecutors were not violating the ordinance. Further the proposed construction will not entirely eliminate the obnoxious things in a residential neighborhood.

The state of the case does not contain the ordinance nor does the prosecutor argue its invalidity. The appeal is based on the question that the denial of the variance was arbitrary, capricious and unreasonable and created an undue hardship upon the prosecutors.

At the hearing before the Board of Adjustment it appeared that the prosecutors had for some time prior to this proceeding occupied and used the front room of a dwelling at premises No. 429 South 18th Street, in the same block, for their business, and had subsequently expanded and were using the present building at No. 411 as well as No. 429. At the hearing the secretary of the Board of Adjustment reported that he could find no permit in the files of the board for such use at either location. In both sites they ignored the comprehensive plan of the city relating to the type of use. The premises are located in a residential zone and the use by the prosecutors of premises in question for the purpose of their business is contrary to the zoning ordinance.

The functions of the local zoning board are delineated in the statute. *R. S.* 40:55–39, *subdivision c,* empowers the local board to make such marginal accommodations and adjustments consistent with the general purpose and content of the ordinance as will serve the community welfare. The Adjustment Board is a *quasi*-judicial body and its action must not be arbitrary and uncontrolled. *Potts* v. *Board of Adjustment of Princeton (Supreme Court,* 1945), 133 *N. J. L.* 230. But the statute as well as the spirit and purpose of zoning requires that the jurisdiction to make exception is to be exercised only where, due to special conditions, a literal enforcement of the ordinance will result in "unnecessary hardship." *Brandon* v. *Montclair (Supreme Court,* 1940), 124 *Id.* 135;

*affirmed* (*Court of Errors and Appeals,* 1940), 125 *Id.* 367. From the record in this case, it does not appear that the board's action was unreasonable, arbitrary, or capricious and the prosecutors failed to sustain the burden of showing undue hardship. *Cortese* v. *Board of Adjustment of Summit* (*Supreme Court,* 1948), 136 *Id.* 455; *Sitgreaves* v. *Board of Adjustment of Nutley* (*Supreme Court,* 1947), 136 *Id.* 21 (at *p.* 26); *Krilov* v. *Board of Adjustment of Newark* (*Supreme Court,* 1948), 137 *Id.* 39; *Brandon* v. *Montclair, supra; Visco* v. *Plainfield* (*Supreme Court,* 1948), 136 *Id.* 659 (at *p.* 663); *Scaduto* v. *Bloomfield* (*Supreme Court,* 1941), 127 *Id.* 1.

The determination of the Board of Adjustment of the City of Newark is affirmed and the writ of *certiorari* is discharged, with costs.